UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.:

DELIA DELAS PEREZ,

    Plaintiff,
vs.

FDL HOLDINGS, INC., a Florida Profit Corporation
f/k/a FDL HOLDINGS, LLC, a Florida Limited Liability Company
d/b/a LAUDROMAT ORANGE BOWL,

    Defendant.
_____/

## COMPLAINT

Plaintiff, DELIA DELAS PEREZ ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, FDL HOLDINGS, INC., a Florida Profit Corporation formally known as FDL HOLDINGS, LLC, a Florida Limited Liability Company, d/b/a LAUDROMAT ORANGE BOWL, ("Defendant"), and states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages and other relief based on unlawful employment practices committed by Defendant and jurisdiction of this Court is invoked pursuant to the provisions of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634 ("ADEA"), Title VII, 42 U.S.C. §2000e, et seq. (Title VII), the Americans with Disabilities Act (ADA), the Americans with Disabilities Act Amendments Act (ADAAA) 42 U.S.C. §§ 12101 *et seq.*, and the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, *et seq.* ("FCRA").

2. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

3. Venue is proper for the United States Court for the Southern District of Florida because Plaintiff was employed in the Southern District of Florida by Defendant, which at all material

times conducted, and continues to conduct, business in the Southern District of Florida, and because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida and because Defendant is subject to personal jurisdiction there.

4. Plaintiff at all times pertinent to this complaint resided within the Southern District of Florida. Plaintiff is over the age of eighteen and otherwise sui juris.

## PARTIES

5. Plaintiff at all times relevant, was employed by Defendant on a full-time basis as a guest attendant. Plaintiff was hired on or around 2019 and terminated on January 21, 2022.

6. Plaintiff at all times material hereto, was a member of a class protected under the ADA, the ADAAA, and the FCRA in that she was a person with a disability as defined by those Acts.

7. Further, Plaintiff is a person over the age of forty (40) and is a member of a class protected under the ADEA and FCRA, because the terms, conditions, and privileges of her employment were altered because of her age.

8. Defendant is a Florida corporation organized and existing in Florida with its principal place of business in Florida and authorized to do business in Florida. Plaintiff worked at Defendant's store #09031 located at 1277 NW 7th Street, Miami FL 33125 ("Store #09031). All facts which give rise to this complaint occurred in Miami, Florida.

9. Defendant has, at all times material, employed 20 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year.

10. Defendant is accordingly an employer as defined by the ADA, the ADAAA, the ADEA and the FCRA (42 U.S.C. §2000e(b); Fla. Stat. §760.02(7)).

11. Plaintiff alleges causes of action for violations of the ADEA, the FCRA, the ADA, and the ADAAA as a result of the adverse treatment to which Defendant subjected Plaintiff, Defendant's

dismissal of Plaintiff from employment, and Defendant's failure/refusal to reasonably accommodate Plaintiff.

12. The violations complained of herein occurred in Miami-Dade County, Florida, and as such venue is proper in this Court.

13. Plaintiff has exhausted her administrative remedies by filing a timely charge of discrimination ("Charge") against the Defendant with the Equal Employment Opportunity Commission and the Florida Commission on Human Relations.

14. Plaintiff's Charge was filed on or about April 4, 2022. The actions complained of herein occurred within 300 days thereof and/or continued from that date stemming from the same actions set forth in the Charge.

15. Plaintiff was terminated from her position on or about January 22, 2022. Her Charge was therefore timely filed.

16. Plaintiff was issued a Notice of Right to Sue on October 20, 2022. This suit is filed in accordance with that Notice and within the applicable 90-day time limitation (a copy of the Notice is attached hereto as "Exhibit A").

17. The Florida Commission on Human Relations did not issue a finding on Plaintiff's charge within 180 days of the filing of said charges.

18. All other conditions precedent to this action have been performed or have been waived.

## GENERAL ALLEGATIONS

19. Defendant operates multiple locations throughout the state.

20. Plaintiff was continuously employed by Defendant from 2019 through January 21, 2022. At the time of her termination, Plaintiff held the title of guest attendant at Store #09031. At all times, Plaintiff was employed in a full-time capacity and was issued a W-2 by Defendant for each year for which she was employed.

21. Plaintiff suffers from hypertension. This condition is a disability under the ADA, the ADAAA, and the FCRA in that it substantially impairs Plaintiff's circulatory functions which is considered a "major life activity" as defined by the ADA and ADAAA.

22. Starting in August 2021, Sarah Rodriguez (hereby as "Rodriguez") (Age, 30's) became the manager of Laundromat #09031 and Plaintiff's direct supervisor. Plaintiff was one of six (6) guest attendant's that were under the supervision of Rodriguez.

23. From the outset of their relationship, Rodriguez treated Plaintiff in a rude, and condescending manner. Rodriguez micromanaged Plaintiff's work. Rodriguez did not treat any other younger employee this way.

24. Plaintiff notified Rodriguez of her medical condition of hypertension upon her arrival to store #09031. Plaintiff requested that she continued to be given breaks to check her blood pressure levels during her shifts. Plaintiff's requests were disregarded, and Rodriguez labeled them as an issue and an inconvenience.

25. Thereafter, Rodriguez began to reduced Plaintiff's hours significantly. However, the hours of younger non-disabled employees such as Eneida (LNU) (30s) (hereinafter "Eneida") were not reduced.

26. Plaintiff also saw that Defendant was hiring workers, but those employees, upon information and belief, were younger. Preference in scheduling was given to the new, younger employees rather than the older employees like Plaintiff.

27. Specifically, Plaintiff noticed that Eneida was given better, more favorable shifts and more working hours than her.

4

28. On or about January 21, 2022, Plaintiff complained to Ms. Rodriguez regarding the disparate treatment she was being subjected to. Specifically, Plaintiff complained that she felt the severe reduction in hours (and thus, pay) were because of her age and requests for accommodation.

29. Rodriguez dismissed Plaintiff's complaints by stating that the scheduled hours were at her discretion. The reduction in Plaintiff's hours was unsubstantiated.

30. Rodriguez dismissal of Plaintiff's complaints led Plaintiff's blood pressure to rise to the point where she was dizzy. Plaintiff at that moment advised Rodriguez that she was not feeling well and needed to go to the hospital.

31. On or around January 25, 2022, Plaintiff supplied Defendant with a note from her doctor excusing her from work that day and stating that Plaintiff was advised to closely monitor her blood pressured since she was at risk of stroke.

32. Nevertheless, Rodriguez notified Plaintiff that she was dismissed from her position with Defendant for job abandonment.

33. Upon information and belief, Defendant's reason for termination (if any) is pretextual for unlawful discrimination and or retaliation.

34. On or around January 31, 2022, Plaintiff spoke with Rodriguez's supervisor Charlie (LNU) ("Charlie"). Charlie authorized Plaintiff to return to work but did not address her complaints of discrimination and retaliation.

35. Immediately, following her conversation with Charlie Plaintiff contacted Rodriguez about returning to work, but Rodriguez told her she was not welcomed.

36. The adverse and disparate treatment to which Plaintiff was subjected by Defendant, including but not limited to, Plaintiff's termination, as set forth above was because of her age, her disability, her complaints of discrimination, and/or request for accommodation.

37. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's disability, requests for accommodation and/or complaints of discrimination were a motivating factor in the decision for the adverse employment action.

## COUNT I
## AGE DISCRIMINATION IN VIOLATION OF THE ADEA

38. Plaintiff re-adopts each and every general and factual allegation as stated in paragraphs 1-37 above as if set out in full herein.

39. Plaintiff is a member of a protected class under the ADEA, to wit Plaintiff is over forty (40) years of age.

40. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's age and subjected the Plaintiff to age-based animosity.

41. Such discrimination was based upon the Plaintiff's age in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is over the age of forty (40).

42. Since Plaintiff suffered disparate treatment and an adverse employment action due to her age, she is protected by the ADEA.

43. Defendant, through Supervisor Rodriguez, reduced Plaintiff's hours by a significant amount. This amounts to an "adverse employment action" as it caused damage to Plaintiff by reducing her weekly income.

44. Following this reduction, Plaintiff was terminated. The reason(s) for this termination, is not supported by the facts and is pretextual.

45. At all times relevant to this action, Rodriguez acted on behalf of Defendant and acted within the scope of her duties as supervisor.

46. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's age was unlawful but acted in reckless disregard of the law.

47. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

48. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

49. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

50. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

51. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

52. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

    A. Adjudge and decree that Defendant has violated the ADEA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

    B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

    C. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

    D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
## AGE DISCRIMINATION IN VIOLATION OF THE FCRA

53. Plaintiff re-adopts each and every general and factual allegation as stated in paragraphs 1-37, above as if set out in full herein.

54. Plaintiff is a member of a protected class under the FCRA, to wit Plaintiff if over forty (40) years of age.

55. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's age and subjected the Plaintiff to age-based animosity.

56. Such discrimination was based upon the Plaintiff's age in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is over the age of forty (40).

57. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's age was unlawful but acted in reckless disregard of the law.

8

58. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

59. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

60. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

61. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under Florida law.

62. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

63. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

  A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
## FAILURE TO ACCOMMODATE IN VIOLATION OF THE ADA AND ADAAA

64. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-37 of this complaint as if set out in full herein.

65. Plaintiff is disabled as she suffers from hypertension which is an impairment which substantially limits Plaintiff's circulatory functions which are considered a major life activity.

66. Plaintiff is, and at all times was, qualified to perform the essential functions of her job with or without a proposed reasonable accommodation.  Plaintiff is therefore a "qualified individual" as that term is defined in the Americans with Disabilities Act, as amended ("ADAAA") § 101(8) (42 U.S.C. § 12111(8)).

67. Defendant failed to provide Plaintiff with a reasonable accommodation as that term is defined in the ADAAA, § 101(9). Plaintiff requested to have breaks during her shifts to measure her blood pressure as well as at the time Plaintiff experienced dizziness and high blood pressure, Plaintiff requested to be excused from her shift to go to the hospital. These requests were reasonable and would not have caused Defendant undue hardship.

68. Plaintiff made this request to her Supervisor Rodriguez on or around August 2021 and in January 2022.

69. As a result of Defendant's action, Plaintiff has suffered damages in an amount to be proven at the time of the trial of this cause.

70. Plaintiff is informed, believes and alleges that pursuant to ADAAA § 107(a) (42 U.S.C. § 12117(a)), Plaintiff is entitled to damages because of Defendant's willful conduct in denying her request(s).

**WHEREFORE,** Plaintiff requests judgment against Defendant as follow:

    A. Actual damages as a result of Defendant's discriminatory actions;

    B. Punitive damages due to Defendant's willful behavior;

    C. Compensatory damages;

    D. Injunctive relief where feasible;

    E. Attorney's fees;

    F. Costs of this action; and

    G. Any other relief this Court deems proper.

## COUNT IV
### DISABILITY DISCRIMINATION UNDER THE ADA AND ADAAA

71. Plaintiff reasserts her allegations in paragraphs 1–37, above, as if fully re-written herein.

72. Title I of the ADA and the ADAAA prohibit employers from taking adverse employment action against an employee as a result of her actual disability, as a result of an employee's record of having such disability, and/or because the employer regards the employee as disabled, and further requires employers to reasonably accommodate the actual disabilities and/or records of such disabilities of their employees.

73. The adverse and disparate treatment to which Plaintiff was subjected by Defendant, including but not limited to, the reduction of Plaintiff's hours and Plaintiff's termination was the direct and proximate result of Plaintiff's actual disability/disabilities, which substantially limited her in one or more major life activity and/or Plaintiff's record of having such disability.

74. Defendant's alleged bases for its adverse and disparate treatment of Plaintiff, including, but not limited to, Plaintiff's termination, are pretextual and asserted only to cover up the discriminatory nature of its conduct.

75. Even if Defendant could assert legitimate reasons for its adverse and disparate treatment of Plaintiff, including, but not limited to, Plaintiff's termination, which reasons it did not/does not have, Plaintiff's actual disability/disabilities and/or Plaintiff's record of having such a disability/disabilities were also motivating factors for Defendant's adverse and disparate treatment of Plaintiff.

76. As a result of the discriminatory conduct to which Plaintiff was subjected, Plaintiff has experienced, and will continue to experience, significant financial and economic loss. To that end, Plaintiff demands reinstatement to her formerly held (or equivalent) position as permitted by law, reinstatement of benefits/seniority, and injunctive and/or declaratory relief.

77. Plaintiff further seeks her attorney's fees and costs as permitted by law.

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

    A.   reinstatement to her formerly held or equivalent position as permitted by law;

    B.  reinstatement of benefits/seniority from the date of termination;

    C.  injunctive relief;

    D.  declaratory judgment;

    E.  attorney's fees and costs; and

    F.  any other award this Court deems necessary.

## COUNT V
## HANDICAP/DISABILITY DISCRIMINATION UNDER THE FCRA

78. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-37 of this complaint as if set out in full herein.

79. Section 760.10 of the FCRA states in relevant part:

> (1) it is unlawful employment practice for an employer: (a) to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, natural origin, age, handicap, or marital status.

80. The FCRA accordingly prohibits employers from taking adverse employment action against an employee as a result of her actual handicap/disability, as a result of an employee's record of having such handicap/disability, and/or because the employer regards the employee as handicapped/disabled, and further requires employers to reasonably accommodate the actual handicaps/disabilities and/or records of such handicaps/disabilities of their employees.

81. The adverse and disparate treatment to which Plaintiff was subjected by Defendant, including but not limited to, the reduction of Plaintiff's hours and Plaintiff's termination, as set forth above, were the direct and proximate result of Plaintiff's actual disability, which substantially

limited her in one or more major life activities, and/or Plaintiff's record of having such disability.

82. Defendant's alleged bases for its adverse treatment of Plaintiff, if any, are pretextual and asserted only to cover up the discriminatory nature of its conduct.

83. Even if Defendant could assert legitimate reasons for its adverse and disparate treatment of Plaintiff, which reasons it did not/does not have, Plaintiff's actual handicap(s)/disability and/or Plaintiff's record of having such a disability were also motivating factors for Defendant's adverse treatment of Plaintiff.

84. As a result of the discriminatory conduct to which Plaintiff was subjected, Plaintiff has experienced, and will continue to experience, significant financial and economic loss in the form of lost wages. Plaintiff has also experienced, and will continue to experience, emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost economic damages, lost wages, back pay, interest, front pay, the value and/or economic impact of lost benefits, and compensatory damages.

85. Based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Defendant's employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff respectfully requests judgment against Defendant as follows:

    A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT VI
## VIOLATION OF THE ADA AND ADAAA
## (RETALIATION)

86. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-37 of this complaint as if set out in full herein.

87. Plaintiff requested reasonable accommodation(s) for her disability. This request was made to the Plaintiff's supervisor, Rodriguez starting on August 2021.

88. As a direct result of Plaintiff's requests for a reasonable accommodation, Plaintiff was subjected to disparate treatment and adverse employment action.

89. Plaintiff's reduction of hours and/or termination constitutes an adverse employment action under the ADA and ADAAA.

90. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under the ADA and ADAAA. Defendant,

15

by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

91. Defendant's states reason(s) for denying Plaintiff's request for accommodation is pretextual.

92. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's requests for reasonable accommodation, was a motivating factor in the decision for the adverse employment action(s).

WHEREFORE, Plaintiff respectfully requests judgment against Defendant as follows:

    A. The Court award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory and retaliatory treatment in an amount to be determined at trial and in accordance with the ADA and ADAAA.

    B. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

    C. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT VII
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
## (RETALIATION)

93. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-37 of this complaint as if set out in full herein.

94. Plaintiff brings this claim under the Florida Civil Rights Act, Florida Statutes § 760.01 et seq. for Defendant's retaliatory conduct.

95. Starting on August 2021, Plaintiff made a request for a reasonable accommodation for her disability.

16

96. This request was a protected activity under the FCRA.

97. As a direct result of Plaintiff's request, Defendant subjected Plaintiff to adverse employment action including but not limited to the reduction of Plaintiff's hours and/or Plaintiff's termination without valid cause.

98. Plaintiff's request for a reasonable accommodation of her disability was a motivating factor in Defendant's decision to terminated Plaintiff.

99. Defendant knew of Plaintiff's disability and her request as Plaintiff made this request to Rodriguez who was a supervisor of Defendant corporation.

100. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, and has suffered emotional distress and damage.

101. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state law.

102. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Susana and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

103. Defendant's alleged reason(s) terminating Plaintiff (if any) are pretextual as described above.

104. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's requests for a reasonable accommodation and sick leave, were a motivating factor in the decision for the adverse employment action(s).

105. Plaintiff further seeks her attorney's fees and costs as permitted by law.

WHEREFORE, Plaintiff respectfully requests judgment against Defendant as follows:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including appropriate back pay, benefits' adjustment, injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Florida Civil Rights Act, §§ 760.01-760.11.

B. The Court award punitive damages as permitted under the law;

C. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

D. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

E. Any other relief this Court deems proper.

**[SPACE WAS INTENTIONALLY LEFT BLANK]**

## DEMAND FOR JURY TRIAL

Plaintiff DELIA DELAS PEREZ demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: January 10, 2023

**PEREGONZA THE ATTORNEYS, PLLC**
5201 Blue Lagoon Drive,
Suite 290
Miami, FL 33126
Tel. (786) 650-0202
Fax. (786) 650-0200

By: /s/ *Nathaly Saavedra*
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com

By: /s/ *Juan J. Perez*
Juan J. Perez, Esq.
Fla. Bar No. 115784
Email: juan@peregonza.com

By: /s/ *Jocelyn R. Rocha*
Jocelyn R. Rocha, Esq.
Fla. Bar No. 1039302
Email: jocelyn@peregonza.com